UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| EDWARD R. WHITTINGTON,<br><br>Plaintiffs,<br><br>v.<br><br>KING COUNTY DEPARTMENT OF ADULT DETENTION,<br><br>Defendant. | ) | Case No. C05-1914-RSM-JPD<br><br>REPORT AND RECOMMENDATION |

INTRODUCTION AND SUMMARY CONCLUSION

Plaintiff is a state prisoner who is currently incarcerated at the Washington State Penitentiary in Walla Walla, Washington. He brings this civil rights action under 42 U.S.C. § 1983 to allege violations of his constitutional rights during the course of his incarceration at the King County Jail ("the jail") in 2003 and 2004. Specifically, plaintiff alleges that he contracted methicillin-resistant Staphylococcus aureus ("MRSA") as a result of unsanitary conditions at the jail and that he has had recurring MRSA infections as a result of this initial contraction. Plaintiff asserts that his contraction of MRSA in the jail violated his Eighth Amendment right to be free from cruel and unusual

punishment.[1] King County is the sole defendant in this action.[2] Plaintiff seeks damages in the amount of five million dollars as well as compensation for future medical expenses incurred as a result of MRSA.

Defendant now moves for summary judgment. Plaintiff has filed a response to defendant's motion and defendant has filed a reply brief in support of its motion. The briefing is complete and defendant's motion for summary judgment is now ripe for review. This Court, having reviewed defendant's motion, and the balance of the record, concludes that defendant's motion for summary judgment should be granted and this action should be dismissed with prejudice.

## FACTUAL BACKGROUND

Plaintiff was booked into the jail a total of eight times between November 2002 and February 2004. (*See* Dkt. No. 32, Attachment C.) Plaintiff's claims arise out of his November 2003 and February 2004 bookings into the jail. Plaintiff asserts in his complaint that on approximately November 26, 2003, he contracted MRSA as a result of unsanitary conditions at the jail. On this occasion, the infection appeared under his arms. He asserts that he was once again diagnosed with the MRSA on March 8, 2004, this time in his right thumb. Finally, petitioner asserts that on July 25, 2004, he was placed in quarantine because of another outbreak of MRSA on his right buttock.

***1. MRSA***

Defendants have included in their summary judgment papers a fact sheet regarding MRSA

---

[1] Because plaintiff was apparently a pretrial detainee at the time he was subject to the alleged unconstitutional conduct of defendant, his claims arise under the Due Process Clause of the Fourteenth Amendment and not under the Eighth Amendment. *See Carnell v. Grimm*, 74 F.3d 977, 979 (9th Cir. 1996).

[2] In his complaint, plaintiff identifies both the King County Department of Corrections and King County as defendants in this action. However, King County is the only proper defendant in this action. *See Nolan v. Snohomish County*, 59 Wn.App. 876, 883 (1990) ("in a legal action involving a county, the county itself is the only legal entity capable of suing and being sued").

which was prepared by the Centers for Disease Control and Prevention ("CDC"). The CDC fact sheet explains that Staphylococcus aureus ("staph") is a bacteria which is carried on the skin and in the nose of healthy people. (Dkt. No. 32, Attachment B at 1.) Approximately 25%-30% of the population is colonized (bacteria are present, but not causing infection) in the nose with staph bacteria. (Dkt. No. 32, Attachment B at 1.) Staph can sometimes cause infection and staph bacteria are, in fact, one of the most common causes of skin infections in the United States. (*Id.*) Most such skin infections are minor and can be treated without antibiotics. (*Id.*) Staph bacteria can also, however, cause more serious infections. (*Id.*) MRSA is a type of staph that is resistant to beta-lactam antibiotics. (*Id.*, Attachment B at 2.) While 25% to 30% of the population is colonized with staph, approximately 1% of the population is colonized with MRSA. (*Id.*)

Staph infections occur most frequently among persons in hospitals and healthcare facilities who have weakened immune systems. (*Id.*) However, staph and MRSA infections can also occur in persons who have not been recently hospitalized or had a medical procedure performed. (*Id.*) Such infections are known as community-associated ("CA") MRSA infections, and are usually manifested as skin infections which occur in otherwise healthy people. (*Id.*) These skin infections may look like a pimple or boil, they can be red, swollen, and painful, and they may also have pus or other drainage. (*Id.*)

The CDC, which has investigated clusters of CA-MRSA skin infections, has identified the following factors which have been associated with the spread of MRSA skin infections: close skin-to-skin contact, openings in the skin such as cuts or abrasions, contaminated items and surfaces, crowded living conditions, and poor hygiene. (*Id.*) Most staph and MRSA infections are treatable with antibiotics. (*Id.*, Attachment B at 3.) MRSA infections can recur even after a prior infection as been cured. (*Id.*, Attachment B at 4.) MRSA infections can be prevented, both initially and from recurrence, by practicing good hygiene. (*Id.*)

***2. MRSA and the King County Department of Adult and Juvenile Detention***

Defendants have also submitted in support of their summary judgment motion the declaration of William Danforth, RN, ARNP, MSN, FNP-BC, CWCN. (Dkt. No. 33.) Mr. Danforth is employed as an infection control practitioner and wound care nurse practitioner by Public Health Seattle-King County. (Dkt. No. 33 at 1.) He acknowledges that CA-MSRA is a public health issue which impacts the King County Department of Adult and Juvenile Detention ("DAJD"), but indicates that steps have been taken to address CA-MRSA infection within DAJD. (*Id.* at 2.) According to Mr. Danforth, DAJD has hired an infection control consultant; established wound care protocols; established a wound care clinic at the Regional Justice Center Detention Facility; developed and distributed educational material about CA-MRSA prevention and transmission; provided enhanced attention directed to environmental sanitation and hygiene; and, formed committees and work groups focusing on the broader issue of MRSA in DAJD facilities. (*Id.*)

Mr. Danforth explains that MRSA is not a reportable disease. (*Id.*) Thus, there is no requirement that occurrences of MRSA be reported to Public Health Seattle-King County or the Washington State Department of Health. Mr. Danforth states, however, that according to estimates by the Communicable Disease-Epidemiology Division of Public Health Seattle-King County, the number of CA-MRSA cases in King County is increasing, "particularly among vulnerable subjects like IV drug users and those living on the streets." (*Id.* at 3.) He further notes that IV drug users and others who are more susceptible to CA-MSRA infection spend time in DAJD facilities. (*Id.*)

***3. Plaintiff's Incarceration History***

As noted above, plaintiff's claims arise out of his November 2003 and February 2004 bookings into the jail. However, the record reflects that on two other occasions, prior to his November 2003 booking into the jail, plaintiff presented with skin infections upon being booked into the jail.

On May 17, 2003, plaintiff was booked into the jail on a theft related charge. (*See* Dkt. No.

32, Attachment C.) At booking, plaintiff presented with skin infections on his right wrist and on his left upper thigh. (Dkt. No. 34-2 at 2-3.) Plaintiff told the nurse that he had contracted the infection on his wrist while cleaning a tropical fish tank several days before, and that the infection on his leg appeared at around the same time. (Dkt. No. 34-2 at 3.) Plaintiff indicated to the nurse that he had been to Group Health for treatment and had been prescribed an antibiotic and pain medication, but that he had not picked up the prescriptions. (*Id.*) The nurse referred plaintiff to a Jail Health Services physician for further assessment and the physician prescribed antibiotic treatment later that same day. (*Id.*) It is not known whether these skin infections were CA-MRSA infections as there are no records indicating that cultures were taken from the infected areas for testing. Plaintiff was released from custody on this occasion on May 30, 2003. (Dkt. No. 32, Attachment C.)

On June 6, 2003, plaintiff was once again booked into the jail. (*Id.*) The jail health screening sheet completed at the time of booking notes that plaintiff had been diagnosed with a staph infection on his right wrist on May 17, 2003, but that he had not taken the prescribed antibiotics regularly and therefore had not completed the antibiotic treatment. (Dkt. No. 34-2 at 8.) The infection was apparently still present at that time, and plaintiff was referred for further treatment. (*Id.*) However, plaintiff was released from the jail the following day, June 7, 2003. (Dkt. No. 32, Attachment C.)

On November 27, 2003, petitioner was booked into the jail on a stolen vehicle charge. (*Id.*) Plaintiff was seen by a nurse at the time of his booking after he reported that he had diabetes and lumps or cysts under his arms. (Dkt. No. 34-2 at 9.) The nurse observed that plaintiff had numerous small and large cysts under his arms, at least some of which were red and appeared to be fluid filled. (*Id.*) The nurse referred plaintiff for further assessment. (*Id.*) Plaintiff was seen by a nurse practitioner (ARNP) on November 29, 2003, who diagnosed an abscess under plaintiff's left arm which she drained and cultured. (*Id.* at 10.) Plaintiff was prescribed a seven day course of antibiotics and a two day course of painkillers, and was referred for wound care. (*Id.* at 10-13.) On

December 3, 2003, a lab report confirmed that the culture taken from the cyst under plaintiff's left arm tested positive for CA-MRSA bacteria. (*Id.* at 14.) Plaintiff was released from the jail on December 4, 2003. (Dkt. No. 32, Attachment C.)

On February 10, 2004, plaintiff was booked into the jail on various matters including a rape charge. (Dkt. No. 32, Attachment C.) On February 16, 2004, plaintiff submitted a kite indicating that his thumb was infected. (Dtk No. 34-3 at 1.) Plaintiff was seen by an ARNP on February 18, 2004. (Dkt. No. 34-3 at 2.) Plaintiff's jail medical records indicate that he told the ARNP that his thumb became swollen approximately three weeks previously. (*Id.*) The records also appear to indicate that plaintiff received treatment for this condition prior to his incarceration, but that he did not complete the prescribed antibiotic treatment. (*Id.*) There is no indication in the record that a culture was taken from the thumb infection to test for staph or CA-MRSA. However, plaintiff's history of MRSA was noted in his medical records and he was apparently treated as though the infection was attributable to MRSA. (*See id.* at 2 and 4.)

During the same course of incarceration, on July 23, 2004, plaintiff submitted a kite indicating that he had a cyst on his right thigh below his buttock. (Dkt. No. 34-3 at 9.) Plaintiff's wound was cultured and he was prescribed more antibiotics. (*See* Dkt. No. 34-2 at 15 and Dkt. No. 34-4 at 2.) The lab report returned on July 28, 2004, indicated that the culture taken from plaintiff's wound tested positive for MRSA. (Dkt. No. 34-4 at 8.) Plaintiff was admitted to the infirmary on July 29, 2004, and placed in isolation because of the MRSA. (*See* Dkt. No. 34-2 at 15 and Dkt. No. 34-4 at 5.) While plaintiff was in the infirmary because of the MRSA on his buttock, he developed additional infections on one of his fingers and on his cheek. (*See* Dkt. No. 34-4 at 3.) The wound on plaintiff's cheek was cultured on August 8, 2004. (*Id.* at 4.) The lab report returned on August 13, 2004, indicated that the culture tested positive for staph but not for MRSA. (*Id.* at 9.)

On October 28, 2005, plaintiff was transferred from the custody of King County into the

custody of the Washington Department of Correction following his convictions on two counts of rape in the first degree.

DISCUSSION

Summary Judgment Standard

Summary judgment is appropriate when, viewing the evidence in the light most favorable to the nonmoving party, there exists "no genuine issue as to any material fact" such that "the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A material fact is a fact relevant to the outcome of the pending action. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Genuine issues of material fact are those for which the evidence is such that "a reasonable jury could return a verdict for the nonmoving party." *Id.*

In response to a properly supported summary judgment motion, the nonmoving party may not rest upon mere allegations or denials in the pleadings, but must set forth specific facts demonstrating a genuine issue of fact for trial and produce evidence sufficient to establish the existence of the elements essential to his case. *See* Fed. R. Civ. P. 56(e). A mere scintilla of evidence is insufficient to create a factual dispute. *See Anderson*, 477 U.S. at 252. In ruling on summary judgment, the court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994).

Municipal Liability Standard

A local government unit or municipality can be sued as a "person" under § 1983. *Monell v. Department of Social Servs., of City of New York*, 436 U.S. 658, 691 (1978). A plaintiff seeking to impose liability on a municipality under § 1983 must identify a municipal "policy" or "custom" that caused his or her injury. *Bryan County Commissioners v. Brown*, 520 U.S. 397, 403 (1997) (citing *Monell* 436 U.S. at 694). *Id.*

In *Bryan County Commissioners*, the Supreme Court explained that

> it is not enough for a § 1983 plaintiff merely to identify conduct properly attributable to the municipality. The plaintiff must also demonstrate that, through its deliberate conduct, the municipality was the "moving force" behind the injury alleged. That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights.

*Bryan County Commissioners*, 520 U.S. at 404.

Analysis

Defendant argues in its summary judgment motion that plaintiff's claim that his constitutional rights were violated when he contracted CA-MRSA on or about November 27, 2003, as a result of unsanitary conditions at the jail, and that he thereafter suffered recurrent CA-MRSA skin infections, must fail because plaintiff fails to allege the presence of any policy, practice, or custom that was the proximate cause of his contracting the CA-MRSA infection, or to allege the presence of a policy, practice, or custom that can be considered to amount to deliberate indifference.

Plaintiff argues in his response to defendant's summary judgment motion that the motion should be denied because defendant had knowledge that CA-MRSA existed within the jail and yet failed to provide a safe and healthy environment for pre-trial detainees and employees. Plaintiff contends that defendant allows mattresses, showers, and outdoor recreation areas to suffer from inadequate cleaning, irreparable damage, and poor maintenance, and asserts that these unsanitary conditions are highly likely to be the cause of a recurrence of the CA-MRSA infection.

Even assuming that defendant's alleged failure to maintain sanitary conditions in the jail can be properly deemed a policy or custom, plaintiff cannot demonstrate a "direct causal link" between any municipal action and the alleged deprivation of his federal rights. The evidence in the record establishes that plaintiff was first diagnosed with CA-MRSA when he was booked into the jail on November 27, 2003. Because plaintiff had the infection at the time of his booking, it cannot be said that he contracted the infection as a result of unsanitary conditions at the jail. Moreover, the record establishes that MRSA is a condition which may recur even after a prior infection has been cured.

That plaintiff had recurrent CA-MSRA infections on subsequent bookings is not sufficient to establish that plaintiff, in fact, contracted the infection as a result of the conditions at the jail. As plaintiff cannot establish a causal link between his CA-MRSA infections and conditions at the jail, defendant King County is entitled to judgment as a matter of law.

CONCLUSION

Based upon the foregoing, this Court recommends that defendant's motion for summary judgment be granted, and that this action be dismissed with prejudice. A proposed order accompanies this Report and Recommendation.

DATED this 3rd day of November, 2006.

James P. Donohue

JAMES P. DONOHUE
United States Magistrate Judge